**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 00-7001**

───────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JOE LOUIS BRADY,

Defendant - Appellant.

───────────

Appeal from the United States District Court for the Middle District of North Carolina, at Durham.  N. Carlton Tilley, Jr., Chief District Judge.  (CR-96-36, CA-99-46-1)

───────────

Submitted:  January 18, 2001        Decided:  January 24, 2001

───────────

Before WIDENER and MICHAEL, Circuit Judges, and HAMILTON, Senior Circuit Judge.

───────────

Dismissed by unpublished per curiam opinion.

───────────

Joe Louis Brady, Appellant Pro Se.  Robert Michael Hamilton, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Joe Louis Brady appeals the district court's order denying relief on his motion filed under 28 U.S.C.A. § 2255 (West Supp. 2000). We have reviewed the record and the district court's opinion accepting the recommendation of the magistrate judge and find no reversible error. Brady contends for the first time on appeal that his sentence violated the Supreme Court's decision in Apprendi v. New Jersey, 530 U.S. 466 (2000). We generally do not consider issues raised for the first time on appeal, except under narrow circumstances not present here. Muth v. United States, 1 F.3d 246, 250 (4th Cir. 1993) (holding that issues raised for the first time on appeal generally will not be considered absent exceptional circumstances of plain error or fundamental miscarriage of justice).* Accordingly, we deny a certificate of appealability and dismiss the appeal on the reasoning of the district court. United States v. Brady, Nos. CR-96-36; CA-99-46-1 (M.D.N.C. June 23, 2000). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED

---

* Even if this claim were properly before the court, Brady was not sentenced above the statutory maximum for the offense of conviction, so the sentence does not implicate the concerns in Apprendi. United States v. Angle, 230 F.3d 113, 123 (4th Cir.), pet. for reh'g filed, Oct. 26, 2000 (No. 96-4662).